IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTIR NOEL JERONIMO RECINOS,<br><br>Petitioner,<br><br>vs.<br><br>TODD BLANCHE, in his official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement; ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; and DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | **8:26CV537**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Martir Noel Jeronimo Recinos's Petition for Writ of Habeas Corpus. Filing No. 1. He argues his arrest was unlawful and he is being unlawfully held without being afforded a bond hearing before an immigration judge. Respondents argue Petitioner is subject to mandatory detention as an arriving alien seeking admission. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

## I. BACKGROUND

Petitioner is a native and citizen of Honduras. Filing No. 8 at 3. He entered the United States without inspection. Filing No. 8 at 3. On March 3, 2026, ICE Fugitive Operations stopped Petitioner's vehicle in Omaha, Nebraska. Filing No. 8 at 3. Petitioner presented his Honduran passport but declined to answer questions about his nationality and legal status in the United States. Filing No. 8 at 4. ICE took Petitioner into custody

based on suspicion he was not in the country lawfully and because officers believed he was a flight risk “due to being the operator of his vehicle giving him the ability to escape before an ICE Warrant of Arrest could be obtained.” Filing No. 8 at 4.

Later that day, Respondents served Petitioner with a notice to appear and warrant of arrest. Filing No. 8-1; Filing No. 8-2. An immigration judge declined to give Petitioner a bond. Filing No. 8-3. On June 23, 2026, an immigration judge denied Petitioner’s application for cancellation of removal and granted him post-conclusion voluntary departure. Filing No. 8 at 4. Petitioner appealed to the BIA on July 23, 2026, which appeal remains pending at this time. Filing No. 8-5. Petitioner remains detained at the McCook Detention Center in McCook, Nebraska. Filing No. 8 at 4.

Petitioner seeks a writ of habeas corpus ordering Respondents to release him or provide him with a bond hearing. Filing No. 1. He argues his arrest was unlawful and he is improperly held without being afforded a bond hearing. *See* Filing No. 1.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is “available to every individual detained within the United States.” *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Respondents argue that Petitioner’s detention is mandatory under 8 U.S.C. § 1225(b)(2)(a), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the

Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Ninth Circuit Court of Appeals, and Seventh Circuit Court of Appeals. have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *1 (7th Cir. July 30, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

**A. The Nature of Petitioner's Arrest Does Not Require Release**

Petitioner first argues his arrest was unlawful because there was no warrant prior to his arrest.

The Form I-200 warrant for Petitioner's arrest was directed to: "Any immigration officer authorized *pursuant to sections 236* [8 U.S.C. § 1226] *and 287* [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." Therefore, Respondents must justify Petitioner's arrest under either Section 1226(a) or Section 1357.

Section 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." In other words, prior to detaining a noncitizen under § 1226(a), a warrant is required. *See* *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." (citation omitted)).

Upon review of the warrant and deportation officer's affidavit, the Court concludes Petitioner's detention is not lawful under § 1226(a) because Respondents did not issue the warrant until *after* Petitioner was arrested and in custody. Because the warrant was not served until after Petitioner was taken into ICE custody, § 1226 may not serve as the basis for Petitioner's arrest. *Accord* *Hector J.A.S. v. Shea, Sheriff, Freeborn Cnty., MN*, No. CV 26-2242 (JRT/DLM), 2026 WL 1243500, at *2 (D. Minn. May 6, 2026).

The other section referenced in the warrant is 8 U.S.C. § 1357. Under § 1357(a)(2), an immigration officer may "arrest any alien in the United States" without a warrant "if he has reason to believe that the alien . . . is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). The Eighth Circuit has interpreted "the term 'reason

to believe' in § 1357(a)(2) [to] mean[] constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

The record supports that there was probable cause to believe Petitioner was unlawfully present in the United States because he presented only a foreign passport, did not claim citizenship, and would not answer questions about his citizenship. Respondents have also presented evidence that Petitioner was "likely to escape" before Respondents could obtain a warrant because he was behind the wheel of a car. Petitioner's arrest therefore complied with 8 U.S.C. § 1357.

**B. Due Process Requires Petitioner's Release**

But the arrest and statutory-interpretation arguments do not end the Court's inquiry. The undersigned has also determined that a non-citizen's detention without the opportunity for a bond violated his due process rights under the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, (1976). *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). For the same reasons set forth in greater detail in that opinion, the undersigned concludes Respondents have violated Petitioner's due process rights in this case. Accordingly, Petitioner must be released. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . . The typical remedy for such detention is, of course, release.").

This is so even though an immigration judge has ordered Petitioner removed; the order of removal is not yet final because Petitioner's appeal is currently pending before the BIA. *See* 8 U.S.C. § 1231 (the "removal period" requiring mandatory detention begins on the date the order of removal becomes administratively final); 8 C.F.R. § 1241.1(a)

(order of removal becomes administratively final upon, inter alia, dismissal of an appeal by the Board of Immigration Appeals). Should Petitioner's removal become administratively final, he will thereafter be subject to mandatory detention. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Or, should Respondents choose to attempt to re-detain Petitioner prior to his removal order becoming administratively final, they must afford him a bond hearing in immigration court wherein the burden is on the government to demonstrate he poses a flight risk or is a danger to the community.

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.
2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order.
3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.
4. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on October 7, 2026.**
5. Should Respondents re-detain Petitioner, they must afford him a prompt bond determination hearing.

Dated this 1st day of October, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge